IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN SMITH, Inmate #K64749, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>J. BAUERSACHES, JEFFREY D. )<br>BROSHEARS, JASON P. VAZQUEZ, )<br>KELLIE S. ELLIS, and RICHARD )<br>BARNES, )<br>)<br>        Defendants. ) | CIVIL NO. 05-916-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL ALLEGATIONS

Plaintiff states that on May 2, 2005, while Plaintiff was out of his cell in the prison yard at Menard Correctional Center, Defendant searched his cell and found unspecified contraband. He was charged with possession of dangerous contraband and with unauthorized gang activity. Upon returning from the yard, Plaintiff was placed in temporary confinement status. Defendant Barnes brought the disciplinary report to Plaintiff's cell. Plaintiff states that he "could not sign the report asking that Defendants Ellis and J. Bauersaches be called as witnesses." On May 4, 2005, a disciplinary hearing was held by the adjustment committee (Defendants Broshears and Vazquez). Plaintiff admitted only to possessing a ruler. Plaintiff reported that all other confiscated materials belonged to his cellmate. The committee refused to call his requested witnesses who would testify that Plaintiff was not a member of the Gangster Disciples. Plaintiff was found guilty of the charges and was disciplined with three months segregation, three months demotion to c-grade, three months commissary restriction, and six months contact visit restriction.

Plaintiff argues that his due process rights were violated in that the committee did not call his witnesses nor did they properly investigate the charges. Plaintiff states that had they investigated further, they would have determined that Plaintiff was not a member of the gang as charged and the entire disciplinary report would have been dismissed. Upon further review, the administrative review board dropped the unauthorized gang activity charge and reduced the dangerous contraband charge to one for unauthorized property. Plaintiff also believes that the administrative review board

-2-

denied him due process because the entire disciplinary report should have been expunged.

## LEGAL STANDARDS

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for three

months in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Plaintiff was also demoted to c-grade for three months, denied commissary privilege for three months, and denied contact visits for six months. However, these allegations also do not present a viable constitutional claim, because they do not show denial of a protected liberty interest. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Without a protected liberty interest, Plaintiff has failed to state a due process claim; the Court will not go on to evaluate the process he received.

### **PENDING MOTION**

Plaintiff has filed a motion for a stay in the case so that he might dismiss his request for punitive damages and might move to voluntarily dismiss his motion for appointment of counsel. A stay under these circumstances will not be granted. If Plaintiff dismissed his request for punitive damages and dismissed his motion for appointment of counsel, the Court's determination under 28 U.S.C. § 1915A that Plaintiff has failed to state a due process claim would not change. Accordingly, Plaintiff's motion for a stay in the proceedings (Doc. 6) is **DENIED**.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending

motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated:  August 23, 2006**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**